UNITED STATES DISTRICT COURT

FOR THE

WESTERN DISTRICT OF MASSACHUSETTS

KENNETH JACKSON

      PLAINTIFF—Petitioner,

  V.

                           CIVIL ACTION

                           No. 04-30004-MAP

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN COUNTY SUPERIOR COURT

      DEFENDANT.

## PETITION OF REMOVAL

### JURISDICTION

Jurisdiction herein is respectfully founded upon the September – October 1970, and the February 1971, two separate ORDER OF COURT of THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS, Boston, Massachusetts, verbatim that "Relief Be GRANTED As Sought".

Page One

that next above specified two ORDER OF COURT was direct to the Commonwealth of Massachusetts Supreme Judicial Court, Boston, Massachusetts, directing that State Appellate Court to forwith "set aside" petitioner - Kenneth Jackson (M84058)'s, herein after referred to as the "petitioner", not "plaintiff", October 15, 16, 17, 1969, Hampden County Superior Court, Springfield, Massachusetts, unconstitutionally obtained convictions and sentences of imprisonments.

And, the same next above declared as to the JUDGMENT of The United States Court OF Appeals For The First Circuit, Boston, Commonwealth Of Massachusetts, verbatim that:

> "...although the Hampden County Grand Jury did not indict the petitioner...",

issued late in the year 1971.

Jurisdiction is further hereby so invoked because on June 4, 1971, the Commonwealth Of Massachusetts highest Judicial tribunal the Supreme Judicial Court, Boston, Massachusetts, "Affirmed" the October 15, 16, 17, 1969, secret petit jury trial by rioters, unconstitutionally.

Page Two

thereby the next above the petitioner is the 'person' of Title 28 United States Code, Section 1443., Subsection (1)., "…. who is denied or cannot enforce in the courts of such State a right…" of Federal Enforcement by State Officials of the two above specified ORDER OF COURT from the Federal District Court, Boston, Massachusetts.

Those writs, process, ORDER OF COURT and JUDGMENT, as above specified, is enforced under Title 18 United States Code, Section 1506., Section 1509., and Section 1512., Subsections 1512., (b)., (A)(B)(C)., thereof. These are the "any law" which Title 42 United States Code, Section 1983., is "… providing for the equal civil rights of … all persons within the jurisdiction thereof…", the United States. Jurisdiction is further respectfully invoked herein under Title 28 United States Code, Section 1446, Subsections (a)., (b)., (d)., (e)., and; Section 1447, Subsections (a)., (b)., (c)., (d)., and; Sections 1449., and Section 1450., as applied to Massachusetts General Laws Annotated, hereinafter referred to as " M.G.L.A.", Chapter 123A., Section 12., Section 13., Section 14., Section 15., Section 16., thereof.

Page Three

The next above Jurisdiction authorities also apply over

M.G.L.A. Chapter 40., Section 37A's., formal language expressions

of intentional racial discrimination against the petitioner's

black African origin race and skin coloration soley because

of petitioner's non-white racial origin fact of being.

The above Jurisdiction is also invoked "prior to any trial"

in Defendant-Commonwealth of Massachusetts', hereinafter

referred to as the "Defendant", Summons and Petition

civil action no. 03-694., case, in regard to:

"St. 1990, Chapter 150, Section 304 (Repealing G.L. 123A.,

Sect. Sect. 3-6, and 7)", under,

Commonwealth v. Bruno, 432 Mass. 489, 735 N.E. 2d

1222, 1228, 1229, 1236, 1237 (Mass. 2000).

All Jurisdiction authorities herein are relied upon under

the Fourteenth Amendment Equal Protection of the, M.G.L.A.,

Chapter 40., Section 37A., Chapter 263., Section 4., and

Chapter 123A., Sections 12., 13., 14., 15., 16., laws,

Laws Clause as provided, and relied upon, under the

United States Constitution.


Page Four

On the 5:00 a.m. morning of September 18th, 2003, the petitioner handed his seventeen pages hand written in ink "Notice Of Removal", with its proof of service, to a Massachusetts Department of Corrections Officer in the Defendant's Bridgewater State Hospital at 20 Administration Road, Bridgewater, Massachusetts, for proper mailing same. That notice of removal was envelop addressed to the United States District Court For The Western District Of Massachusetts, Office Of the Clerk Of Court, United States Courthouse, 1550 Main Street, Springfield, Massachusetts 01103.

The party petitioner had prepared that notice of removal several days while waiting for that State Institution's return of the Federal District Court's application to Proceed In Forma Pauperis by Its formal printed document.

The petitioner is presently re-transferred and yet waiting for same application from the Defendant's authorities.

Page Four - (A)., To Next Page Four - (B):

Pursuant to the next above circumstances the petitioner had no choice but to use his pro se, crude, hand written application to proceed in forma pauperis in the above entitled Federal "notice of removal" and this later mailed 'petition of removal' papers. The petitioner was September 18th, 2003, re-transferred from the above addressed Bridgewater State Hospital -to- the below addressed Bridgewater Treatment Center in the Commonwealth Of Massachusetts.

Herein, the petitioner has been and yet is presently held in a Massachusetts secure facility, a prison structure, as below addressed, upon no prison sentence alleged therefor -and- upon No Charge Of Crime in any degree therefor but by and upon M.G.L.A. Chapter 40., Section 37A., Thereof, as specified herein, applied under the:

Page Four - (B)., To Next Page Five:

BILL OF RIGHTS To THE UNITED STATES CONSTITUTION, that said holding is unlawful and unconstitutional.

## STATEMENT OF THE CASE

COUNT ONE:

(A) The petitioner is a black African origin skin coloration American born person who was unconstitutionally subjected to a petitioner objected against all-white, secret proceedings, _petit jury trial by "rioters"_ on October 15, 16, 17, 1969, in the Defendant's State trial Courthouse. That Courthouse is addressed at 50 State Street, Hampden County Superior Courthouse, Springfield, Massachusetts, where _Prior to Any Trial_ there obtained the October 15, 1969, activation of M.G.L.A., Chapter 40., Section 37A's., "_Curfews; imposition; penalties_" which was Formal Proclamation at Eleven a.m. and fully active at One O'clock p.m., unreasonably and unconstitutionally to proceed with a petit jury trial against the petitioner during October 15, 16, 17, 1969, in secret, in Springfield, Massachusetts.

Page Five

(B) On and during October 15, 16, 17, 1969, the Massachusetts Governor did Proclamation citywide "State Of Emergency" over Springfield, Massachusetts, while the petitioner was subjected to an objected against all-white secret petit jury trial -by- State statutorily declared "rioters", unconstitutionally.

(C) Approximately nine thousand active duty, armed, United States Army and United States Air Force troops were deployed citywide Springfield, Massachusetts, during October 15, 16, 17, 1969, while the petitioner was being unconstitutionally subjected to an objected against secret, all-white, petit jury trial -by- "rioters" in Defendant's State trial courtroom in the city of Springfield, Massachusetts.

(D) On and during October 15, 16, 17, 1969, in Springfield, Massachusetts, during race-rioting citywide with United States Constitution civil Liberties temporarily suspended by M.G.L.A. Chapter 40, Section 37A, both the Springfield City Police and the Massachusetts State Police were on increased duty riot-suppression assignment citywide Springfield, Massachusetts.

Page Six

The Defendant herein has choosen to build his M.G.L.A. Chapter 40., Section 37A, dominate civil action case no. 03-694., around alleged Hampden County Grand Jury indictments numbered 22787, 22788, 22789, 22790, as to an "Anita Miles" as an innocent adult white female in the year 1969, with no criminal record who was merely hitch-hiking with an adult white female friend named Ms. Diana Hardecker. Refer to exhibits numbered 34., 35., 36., 37., attached hereto.

On October 15, 16, 17, 1969, and November 16, 17, 18, 21, 22, 1972, in all-white secret petit jury trials' as during Defendant's July 18, 2003, September 18, 2003, and October 9,# 2003, criminal and civil action no. 03-694, respectively, cases the issue herein M.G.L.A. Chapter 40., Section 37A., was fully yet active against the petitioner.

the next above specified actions were, and are, brought upon No Charge Of Any Crime Against Petitioner and by way of the Defendant's civil action no. 03-694, proceeding attempt to commit petitione for a 'one day to natural life' confinement in a secure

Page Six -(A)., Before Page Six -(B)

facility, a prison structure. During those next above
dates on October 15, 16, 17, 1969, the alleged female adult
victims in indictments numbered 22787, 22788, 22789,
22790, the specified "Anita Miles" and her self-
admitted friend "Ms. Diana Hardecker" were both self-
designated as committing unlawful interstate flight
to avoid prosecution —and— aiding and abetting
same, respectively, concerning a narcotics drug charge.
the next above specified <u>alleged year 1969, victims did</u>
<u>self-admit one or more overt acts in furtherance</u>
<u>and completion of the unlawful object of the</u>
<u>illegal conspiracy to unlawfully flee interstate</u>
<u>to avoid prosecution upon Ms. Anita Miles'</u>:

"... <u>80981  1968  No. 2184  Commonwealth vs.</u>
<u>Anita Miles ... Violation Narcotic Drug Law ...</u>
<u>Ch. 94  Sec. 205</u> ",

in the "Cambridge, Middlesex, ss." Court in the
Commonwealth of Massachusetts.
Refer to exhibits numbered 34., 35., 36., 37., attached
hereto.

    Page Six-(B)., Before Page Six-(C):

the next above specified narcotic drug violation crimes
were hidden from petitioner's access for several years
from September 9, 1969, to September 1972.
The Defendant in this removal civil action did again
on July 18, 2003, September 18, 2003, and October 9th, 2003,
directly conceal and hide same documents' Facts
and so blocked the petitioner's use of same as
evidence of substantial merit usage, respectively.
Upon same above said evidence both year 1969,
alleged victims Ms. Anita Miles and Ms. Diana
Hardecker were not competent to make any
Sworn statement against the petitioner or to
give Sworn testimony against petitioner on
September 9th, 1969, nor on October 15, 16, 17, 1969, nor
on November 16, 17, 18, 21, 22, 1972, nor by record on
July 18, 2003, nor on October 9th, 2003, nor on
September 18, 2003, by record nor otherwise, as to
October 9th, 2003.

Page Six - (C); Before
Page Seven:

Count Two: (A) M.G.L.A., Chapter 40., Section 37A,'s formal language expressions two different words reference to Human Beings, namely:

"The Public, Statutorily    and    "Another, Person(s), Statutorily.

"The PUBLIC Are Those?    PERSON(S) Are Those Having:

Considered for their safety's sake.    No Law in action for their safety.

Focused upon for their safety.    No Law in concern for their safety.

Having imposed Statute Law protections.    No Statute Law protections.

Designated to protect Public safety.    Excluded from protecting anyones safety.

Not powered in status.    Lowered status by State Statute law.

Not subject to Statutory Conditions.    Lowered group classifications "Conditions"

Cannot be arrested without a warrant.    No protection against arrest w/o Warrant.

Immune from imprisonment.    Requirement to be imprisoned.

State Statutory empowered.    **No** State Statutory empowerment. **NOT**

Page Seven

COUNT Three :

(A) On July 18, 2003, and <u>Prior to any Trial</u>, the Defendant herein arbitrarily choose to again "vivity prosecutions", by civil Jury Trial proceedings, against the petitioner, after petitioner was prison sentence thirty-four years imprisonments discharged from all State prison sentences.

Thereby came M.G.L.A., Chapter 40., Section 37A., into the actions against the petitioner upon Defendant's civil action no, 03-694., case at issue herein.

(B) M.G.L.A. Chapter 40., Section 37A., therein formal language expressions its two "Conditions" requirements as:

" ... <u>Such curfew may restrict or prohibit the</u> <u>movement or presence of persons, vehicles and</u> <u>animals in or on public ways and places, including</u> <u>areas to which the public has a right of access</u> ... ",

Since only Human Beings have "rights" under law, and therefor, the petitioner claims his Equal Protection of M.G.L.A. Chapter 40., Section 37A., as a formal language expression of intentional racial discrimination requirement by state statute law in operation against petitioner constantly since October 15th, 1969, as aforesaidly and herein.

Page Eight

COUNT Four:

(A) On July 18, 2003, the Defendant's State court civil action
no. 03-694., was served to petitioner, with a Summons
requirement Limitation Answer date fixed as 20-days,
as a Petition. the summons arbitrarily commanded,
verbatim that:

"... your answer must state as a Counterclaim
any claim which you may have against the
plaintiff which arises out of the transaction
or occurrence that is the subject of the
plaintiff's claim or you will thereafter be
barred from making such claim in any other
action.".

the next above specified summons requirements were July 18, 2003,
served to the petitioner at a clock-time when petitioner
did not have any hired Counsel or Appointed Counsel to
represent petitioner's Federal rights on July 18, 2003.

Page Nine

(B) On the next above specified July 18, 2003, in Defendant's

State Trial Courtroom the Court did, twice within thirty

minutes, ORDER OF COURT verbatim state that :

"... I am appointing Attorney Burrows

for this one day only.".

Thereupon the Defendant's civil action no. 03-694, served

summons plain words commanded, verbatim, that :

"...you are hereby summoned and required

to serve.... an answer to the complaint...

within 20 days after service of this summons

upon you exclusive of the day of service.".

Thereupon, the petitioner, then without requested hired

Counsel or Appointed by the Court Counsel for the

July 19th, 2003, -to- August 8th, 2003, 20-day limitation,

was unconstitutionally denied or cannot enforce in the

Courts of such State petitioner's, M.G.L.A. Chapter 40,

Section 37A's, Equal Protection of that State Statute

Federal standard right:

i- to Have the Assistance of either hired or appointed

Counsel for petitioner's Defense; and,

Page Ten

ii - to have a State obeyed "presence", in-Court, between July 19th 2003, -to- August 9th 2003, by hired or appointed counsel assistance in petitioner's defense; and,

iii - to have Standing to Complain on July 19th 2003, through August 9th 2003; and,

iv - to present a defense, or-and, to be Heard by way of the Assistance of Counsel for petitioner's Defence; and,

v - to have a Fourth Amendment Probable Cause heary at the 'Bind Over' stage standard where, on September 10th 1969, at the Defendant's Bind-Over Hearing the Palmer District Court Magistrate's Finding and Conclusions were verbatim that " ..... There is no Probable Cause to Bind him over but they can still indict him.".

_____

Refer to exhibits numbered 1., 2., 3., 4., 5., 6., 16., 17., 18., 19., 26, 27., 28., 29., 30., 31., 32., 33., thereof, and to exhibits numbered 34, 35., 36, 37., attached hereto.

Page Eleven

vi— to be petitioner equally July 18th, 2003, Granted the benefits of Defendant's herein same relief sought as the summon's in civil action no. 03-694., Petition page —5—, "V. RELIEF SOUGHT" at Subsection 2., thereof, verbatim relief sought as:

"..... to allow for service of this complaint and appointment of counsel; ..... ".

Thereupon, on July 18, 2003, the Defendant obtained the State trial Court verbatim ORDER OF COURT that

"..... I am appointing Attorney Burrows for this one day only . ".

Thereby the July 18, 2003, State trial Court Limited both the 'appointment of counsel' and the 'service of this complaint' to "... this one day only." which Judically terminated Defendant's civil action no. 03-694., After July 18, 2003, forever afterwards.

---

Refer to exhibits numbered 7., 8., 9., 10., 11., 12., 13., 14., 15., 20., 21., 22., 23., 24., 25., thereof.

Page Twelve

Count Five:

(A) M.G.L.A. Chapter 40., Section 37A's., "Curfews; imposition; penalties" formal language expressions of intentional racial discrimination by dictionary definitions are below given with focus upon the below given word terms taken from Webster's Third New International Dictionary:

(1) _Curfew_, is "... An order or regulation enjoining withdrawal of _persons_ ... from the streets ... or places of assembly ...".

(2) _Imposition_, is "... An excessive, unwarranted, or uncalled-for requirement or burden — the act of _imposing_ upon _another_ ...".

(3) _Another_, is "... _Different or distinct from the one first named or considered_ ...".

(4) _Public_, is "... a _group_ of people distinguished by common interests or characteristics ...".

Page Thirteen

(5) <u>White</u>, is "... Free from color —— belonging to a racial <u>group</u> or subdivision of a racial <u>group</u> characterized by reduced skin pigmentation, typically represented by the <u>European Caucasoids</u>, and usu. specific. distinguished from <u>persons</u> belonging to <u>groups</u> marked by <u>Black</u>, Brown, Yellow, or Red <u>skin coloration</u> —— ".

(6) <u>Person</u>, is "... <u>An inferior Human Being</u> —— ".

Whereupon, the Defendant's July 18, 2003, Summons and Petition entitled "<u>Commonwealth's G.L. c. 123A., § 12 Petition For The Commitment Of Defendant, A Sexually Dangerous Person, & A Temporary Detention Pending Hearing</u>", served then to the petitioner centers the injury caused to petitioner as claimed in this above entitled Petition Of Removal case at bar.

M.G.L.A. chapter 40, Section 37A., alone is the State Statute law requirement which formal language expressions intentional racial discrimination against the black African origin race and skin hued coloration petitioner solely because of that Non-white racial origin fact of petitioner's birth.

Page Fourteen

PRAYER FOR RELIEF

The party petitioner person Kenneth Jackso (M84038) herein the above entitled petition of removal respectfully submit Prayer for Relief by the ORDER OF COURT of THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MASSACHUSETTS, 1550 Main Street, Springfield, Massachusetts, be:

(1) to ORDER OF COURT "Sustain" both the notice of removal and this Petition OF Removal as above entitled upon the United States Constitution law grounds and reasons presented herein.

(2) to ORDER OF COURT "Dismiss" the Defendant - Commonwealth Of Massachusetts' Prosecution civil action no. 03-694., entirely.

(3) to ORDER OF COURT enter this Federal District Court's Jurisdiction over this above entitled Petition OF Removal.

Page Fifteen

Whereupon, the party petitioner person Kenneth Jackson respectfully submit Prayer for Relief as aforesaid and petitioner hereby declare that ahh of petitioner's statements herein are true and correct us submit herein under the pains and penalty of perjury on this 9th day of ___October___, 2003.

Respectfully Present, Submit, File
Mr. Kenneth Jackson (M84058)
Petitioner, Pro Se, Addressed At:

Commonwealth Of Massachusetts, Bridgewater Treatment Center, 30 Administration Road, Bridgewater, Massachusetts 02324.
Hand served on October 9th, 2003, Mailed on October 22nd, 2003.

Certificate Of Service
Proof Of Service

Pursuant to the requirements of the Federal Rules Of Civil Procedure as put for this United States District Court

Page Sixteen