UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KENNETH JACKSON, )
       Plaintiff )
)
)
v. ) Civil Action No. 04-30004-MAP
)
)
)
COMMONWEALTH OF )
MASSACHUSETTS, )
       Defendant )

REPORT AND RECOMMENDATION FOR SUMMARY
DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)[1]
January 7, 2004

NEIMAN, U.S.M.J.

Kenneth Jackson ("Plaintiff"), proceeding pro se, has submitted for filing a "Petition for Remand" against the Commonwealth of Massachusetts. Together with this petition, Plaintiff has filed an application for leave to proceed in forma pauperis.

The court has determined that Plaintiff is unable to pay the costs of commencing the action. Accordingly, by separate order, leave to proceed in forma pauperis has been granted. However, a summons has not issued in order to allow the court to review Plaintiff's action to determine whether it satisfies the requirements of the federal in forma pauperis statute, 28 U.S.C. § 1915. For the reasons stated below, the court concludes that it does not.

---

[1] The matter has been referred to this court for a report and recommendation pursuant to District Judge Michael A. Ponsor's standing order dated August 5, 2002. See also 28 U.S.C. § 636(b)(1)(B).

## II. STANDARD OF REVIEW

Section 1915 of title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Where the court has no subject matter jurisdiction there is 'no rational argument in law or fact' to support the claim for relief and the case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)." *Mobley v. Ryan*, 2000 WL 1898856, at *1 (N.D. Ill. Dec. 29, 2000) (citing *Jones v. Morris*, 777 F.2d 1277, 1279 (7th Cir. 1985)). *Accord Chiu v. Mann,* 2003 WL 716247, at *1 (N.D. Cal. Feb. 24, 2003). *See also Bolden v. Mixa*, 2001 WL 1356133, at *1 (N.D. Ill. Oct. 31, 2001) (holding that where there is "no subject matter jurisdiction" *in forma pauperis* actions "must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)").[2]

## II. DISCUSSION

The court will recommend that the present action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In making this recommendation, the court is aware that the allegations in the action must be taken as true. *Estelle v. Gamble*, 429 U.S. 97, 99 (1976). Moreover, the court has been scrupulous in reviewing the allegations insofar as they are made by a pro se complainant. *See Haines v. Kerner,*

---

[2] The Supreme Court has also held that a court may dismiss an *in forma pauperis* complaint if the claim is based on an "indisputably meritless legal theory" or "factual contentions [that] are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke,* 490 U.S. at 327).

2

404 U.S. 519, 520-21 (1972). At bottom, however, the court believes that it lacks jurisdiction over Plaintiff's claims.

As an initial matter, the court notes that this is not the first time that it has recommended a summary dismissal of a petition filed by Plaintiff. See *Kenneth Jackson v. Commonwealth of Massachusetts*, Civil Action No. 96-30107-MAP. In 1996, the court found that Plaintiff's eighty page "Petition for Remand" was not only incomprehensible, but failed to adequately follow the procedures for removal required by 28 U.S.C. § 1441 et seq. Unfortunately for his cause, this is true here as well.

At best, it appears from the "Petition for Removal" that Plaintiff is unhappy about his treatment within the Massachusetts state court system. Plaintiff's petition may also be related to a relatively recent petition for habeas corpus he pursued to no avail. See *Jackson v. Spencer*, Civil Action No. 01-12054-RWZ (Mem. of Decision Aug. 12, 2002) (Document No. 26), aff'd, No. 02-2203 (1st Cir. June 12, 2003). Still, it is impossible to discern the basis of his claim, let alone the particular target of his discontent.

As was true in Plaintiff's 1996 filing, the present petition voices concern about a curfew law in the City of Springfield in 1969. In addition, Plaintiff makes reference to a "secret, all-white, petit jury trial-by-'rioters,'" as well as an unnamed defendant who concealed and hid some documents. He also attaches a number of seemingly irrelevant documents, e.g., a copy of the Commonwealth's July, 2003 petition for his commitment as a sexually dangerous person, his motion (through counsel) for a bill of particulars, and the Commonwealth's response thereto. Under the circumstances, therefore, it would be impossible for any defendant to respond to Plaintiff's petition.

III. CONCLUSION

For the reasons stated, the court believes that Plaintiff's complaint fails to satisfy the requirements of 28 U.S.C. § 1915(e)(2)(B). Accordingly, the court recommends that the action be DISMISSED.[3]

DATED: January 7, 2004

                                          /s/ Kenneth P. Neiman
                                          KENNETH P. NEIMAN
                                          U.S. Magistrate Judge

---

[3] Plaintiff is advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. Plaintiff is further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. See Keating v. Secretary of Health & Human Services, 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604 (1st Cir. 1980). See also Thomas v. Arn, 474 U.S. 140, 154-55 (1985).